Mr. Chief Justice ShaRKEy
delivered the opinion of the court.
This was an action of ejectment, in which the lessor of the plaintiff, the defendant in error, derived title under a sale made by the sheriff. The judgment was against Hodge and Merri-field, rendered in June, 1838. The defendant derived title from-the same parties, who sold to one Pierson, in July, 1838. The’ fi. fa. which issued on the judgment against Hodge and Merri-field, was levied on a lot of merchandise, for which a forthcoming bond was given, and forfeited at November term, 1838. On this forfeited bond sundry executions were issued, until June term, 1840, when it was quashed on the plaintiff’s motion, without notice, because it was not sealed. Other executions were, however, afterwards issued on it, and property sold. A fi. fa. issued on this bond as late as February, 1842, which was returned nulla bona. In September, 1842, a fi. fa. issued on the original judgment, disregarding the bond, which was the-second that had issued in that way after the bond was quashed, and under this the lot in question was sold. The defendant objected to this last execution, and the sheriff’s deed, as evidence, on the ground that the judgment had been satisfied and extinguished, by giving the bond. The points raised in the defence are that, by giving the bond, the judgment lien was extinguished; that the judgment quashing the bond was void, *518 because it was rendered long after the return term; and the sale, having been made under an execution on the oiginal judgment, which had been thus extinguished, conveyed no title.
The court, in its charges to the jury, sustained the validity of the original judgment lien, and the validity of the sale under it, to which the defendant excepted.
The question is now settled, that as the forfeiture of a forthcoming bond is a satisfaction of the original judgment, the lien of that judgment is also extinguished; a new lien commences with the forfeiture of the bond, on new parties. The former judgment is merged in the latter, just as a second judgment recovered in an action on the first, would merge it as a lien.
But if the forthcoming bond is legally quashed, the lien of the original judgment is thereby restored. The inquiry is, therefore, was this bond legally quashed, or was the judgment by which it was quashed, itself a nullity, and inoperative. We have repeatedly decided that such a bond cannot be quashed after the return term. It then becomes a judgment, and as a court cannot set aside its judgments after the term at which they are rendered, neither can it quash a forthcoming bond, which is a statutory judgment. The case of King v. Terry, 6 How. R. 513, decides expressly that an execution issued on the original judgment, after a forthcoming bond has been given and forfeited, is a nullity. The case of Bell v. The Tombigbee Railroad Company, 4 S. & M. 549, decides that a forthcoming bond cannot be quashed after the return term, and that the judgment by which it is so quashed is itself a nullity. It also decides that an execution issued on the original judgment, under such circumstances, has no judgment to rest on, and cannot be sustained. These decisions seem to settle this case. A sale under an execution which is a nullity can vest no title, especially in favor of one having notice, and the plaintiff in this action was the attorney who obtained the original judgment, and receipted for the purchase-money on the execution.
But it is said the bond in this case was void, and the court had power to quash it at any time. In the case of Buckingham v. Bailey, 4 S. & M. 538, it was said the court might *519 quash a judgment on a void bond at any time, although it could not do so on a bond merely erroneous, after the return term; but this was said, presupposing notice to the opposite party. This remark was made on the authority of Hopkins v. Godbehire, 2 Yerg. 241, where it was said, that “unless the judgment of a court is void, it cannot be set aside at a subsequent term.” But is not a judgment at a subsequent term which vacates a previous judgment, also void? And can a void judgment be vacated by a void judgment. If both are void, they stand upon the .same ground. A void judgment may be disregarded, even collaterally, and that is the proper course; and that was done in the case of Carleton v. Osgood, 6 How. 285. But this bond was not disregarded; it was treated as a valid bond up to the time it was quashed, and even afterwards, for property was sold under it after that time. The plaintiff in execution received it as a bond, and the obligors do not now object to it. It was not a bond certainly, but we are not prepared to pronounce it, in this collateral way, inoperative for any purpose. An instrument which is not a bond for want of a seal, is valid as an unsealed instrument. Warren v. Lynch, 5 Johns. 239. This view of the subject disposes of the case, the charges of the court having been erroneous, so far as they sustained the lien of the original judgment. We need not say what would be the effect if any of the obligors should attempt to vacate this bond, nor need we decide whether this property was bound by the judgment on the bond, notwithstanding the sale to Pierson, as it was not sold under the bond.
Judgment reversed, and cause remanded.